THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MASON ALLAN HARRISON                                                                        PLAINTIFF

v.                                      CIVIL NO. 23-5114

MARTIN J. O'MALLEY,[1] Commissioner                                                    DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Mason Allan Harrison brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his application for DIB on January 24, 2022, alleging an inability to work since February 2, 2019, due to PTSD and ADD. (Tr. 15, 221). An administrative hearing was held via telephone on January 19, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 32–49). A vocational expert ("VE") also testified. *Id*.

On January 30, 2023, an ALJ issued an unfavorable decision. (Tr. 15–26). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments

---

[1] Martin J. O'Malley has been appointed to serve as the Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

that were severe: PTSD, depression, bipolar and related disorders. (Tr. 17–18). The ALJ found Plaintiff also suffered from the nonsevere impairments of ADD and stimulant use disorder, in sustained remission. *Id*. After reviewing all evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18–19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, remember, and carry out simple instructions; is limited to work where interpersonal contact is incidental to the work performed and cannot work around the general public.
> (Tr. 19–25).

With the help of a VE, the ALJ determined that Plaintiff had no past relevant work, but would be able to perform the representative occupations of collator operation, routing clerk, or small products assembler. (Tr. 25–26). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from February 2, 2019, through the date of his decision. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on May 15, 2023. (Tr. 1–3). Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs, and this case is before the undersigned for report and recommendation pursuant to 28 U.S.C. §36(b). (ECF Nos. 10, 12). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

II.     **Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it

adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). So long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

### III.   Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ erred at Step Three of the sequential analysis; 3) whether the ALJ erred in his *Polaski* assessment; and 4) whether the ALJ erred in his residual functional capacity determination. (ECF No. 10). Defendant argues the ALJ fulfilled his investigative duty, properly evaluated the opinion evidence, properly considered Plaintiff's subjective complaints, and that Plaintiff's allegations of a step three error were unsubstantiated. (ECF No. 12).

In this case, there is no disagreement that Plaintiff was at least moderately limited in the area of concentration, persistence, and pace. (ECF No. 10; ECF No. 12, p. 4; Tr. 18, 25). Both State Agency consultants, Brian O'Sullivan, PhD, and Maxine Ruddock, PhD, opined that Plaintiff had moderate limitations in the ability to concentrate, persist, or maintain pace. (Tr. 54-55, 63). In their worksheets, both answered "yes" to the question of whether the individual had sustained concentration and persistence limitations. (Tr. 56, 64). Dr. Nichols, who provided a mental consultative examination on March 10, 2020, as part of a prior application, found that Plaintiff's ability to concentrate and sustain persistence in completing work tasks was impaired by his anxiety and depression. (Tr. 424–26). The ALJ found Plaintiff had a moderate limitation in this area both at step two and in his RFC determination. (Tr. 18, 23, 25).

Plaintiff argues that the ALJ's RFC findings in the decision do not match his hypothetical to the VE, and that both the hypothetical and the RFC do not contain restrictions which account

4

for Plaintiff's moderate limitations in concentrating, persisting, and maintaining pace. (ECF No. 10, p. 9). Plaintiff contends that the ALJ erred by including only social and cognitive limitations in his hypothetical and eventually in his RFC findings. *Id*. The Court agrees.

At the administrative hearing, the ALJ posed the following hypothetical to the VE: "In the first hypothetical, the person is limited to understanding, remembering, carrying out simple instructions. The person can respond to supervision that is simple, direct, concrete. The person is limited to work where interpersonal contact is incidental to the work performed, and cannot work around the general public." (Tr. 46). The ALJ then asked with those limitations, if the VE could provide examples of light, unskilled work that would be available in the national economy. (Tr. 47). The VE testified that there would be positions for a collator operator, routing clerk, and a small products assembler. *Id*. These are the jobs that the ALJ ultimately found Plaintiff retained the ability to perform. (Tr. 26). The ALJ then asked a second hypothetical question adding a limitation of being unable to, on a sustained basis, appropriately interact with supervisors, coworkers, or the public, which the VE testified would preclude all competitive employment. (Tr. 47). Finally, the ALJ asked if an individual such as the one from his first hypothetical would suffer absenteeism on a sustained basis at least three times a month, whether there would be jobs available. *Id*. The VE responded that this would preclude all competitive employment. *Id*. Plaintiff's lawyer did not ask any further questions of the VE. (Tr. 48). The ALJ's RFC findings are similar to the first hypothetical he posed to the VE however they omit the limitation to work where the supervision required is simple, direct, and concrete. (Tr. 19, 47).

The State Agency consultants, Brian O'Sullivan, PhD, and Maxine Ruddock, PhD, who reviewed Plaintiff's case opined that Plaintiff would be limited to work where "[I]nterpersonal contact is incidental to work performed, e.g., assembly work; complexity of tasks is learned and

5

performed by rote, few variables, little judgment; supervision requires is simple, direct, and concrete." (Tr. 55,63). While the ALJ did find their opinions persuasive, he did not adopt all of their opined limitations, instead providing the following mental limitations: "[C]an understand, remember, and carry out simple instructions; is limited to work where interpersonal contact is incidental to the work performed and cannot work around the general public." (Tr. 19). The ALJ chose not to adopt the opined limitations to complexity of tasks were learned and performed by rote with few variables and little judgment and to supervision that is simple, direct, and concrete. *Id*.

The Commissioner draws our attention to cases where an ALJ limited a Plaintiff with some deficiencies in concentration, persistence, or pace to simple, routine, repetitive work and these limitations were found to be sufficient. (ECF No. 12, p. 5) *citing Howard v. Massnari*, 255 F.3d 577, 582 (8th Cir. 2001); *Brachtel v. Apfel*, 132 F.3d 417, 421(8th Cir. 1997).

In *Howard* the ALJ considered a Plaintiff with depression and borderline intellectual functioning and asked the VE a hypothetical containing limitations to simple, routine, repetitive tasks. *Howard v. Massnari*, 255 F.3d 577, 582 (8th Cir. 2001). The Eighth Circuit upheld this decision based on the record, including the functional capacity assessment of the State Agency psychological consultant who found that Plaintiff was able to sustain sufficient concentration and attention to perform at least simple, repetitive, and routine cognitive activity without severe restriction of function. *Id*.

This case differs from *Howard* both in support from opinion evidence, and in the limitations found by the ALJ. In the present case, the ALJ limited Plaintiff to understanding, remembering, and carrying out simple instructions, but not to simple, routine, and repetitive tasks. (Tr. 19). Further, the opinion evidence in this case does not align as closely with the ALJ's findings

6

as it did in *Howard*. In this case, both State Agency psychological consultants opined that Plaintiff would be limited to work where the complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete. (Tr. 54–55). The ALJ found these opinions to be persuasive, going so far as to say "[T]he undersigned does not find any evidence that would alter the findings of the State Agency consultants." (Tr. 24). Nevertheless, the ALJ did not adopt some of the limitations they opined Plaintiff would require. While the ALJ was not required to adopt every limitation from their opinions, the variance between their opinions and the ALJ's RFC findings further differentiates this case from the situation in *Howard*.

In *Brachtel,* the ALJ considered a Plaintiff whom the ALJ limited to only simple, routine work which does not require close attention to detail in his hypothetical to the VE. *Brachtel v. Apfel*, 132 F.3d 417, 421(8th Cir. 1997). The ALJ in this case did not include such limitations in his hypothetical to the VE, or in his RFC findings. (Tr. 19, 46).

In order to constitute substantial evidence, a vocational expert's testimony must be based on a hypothetical that captures the "concrete consequences" of the claimant's deficiencies. *Scott v. Berryhill*, 855 F.3d 853 (8th Cir. 2017) *citing Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006); *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). A hypothetical question that omits the effects of concentration, persistence, or pace deficiencies, when the ALJ finds that Plaintiff has these deficiencies, is not sufficient. *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) (finding a limitation to simple work insufficient to describe the effects of deficiencies in the ability to maintain regular attendance, be punctual, maintain attention and concentration, and complete a normal work week). However, an adequate hypothetical need not contain much more than the hypothetical at issue in *Newton*. *See Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) (finding sufficient a hypothetical that included simple routine work, which does not require attention to

7

detail — as opposed to a limitation to simple work as was found insufficient in *Newton*). While it is true, as the Commissioner asserts, that in some cases limiting a Plaintiff to simple, repetitive work adequately captures the concretes consequences of the deficiencies of a Plaintiff with some limitations in concentration, persistence, or pace, that is not true of every case. (ECF No. 12, p. 5). More importantly, those are not the limitations the ALJ posed to the VE in his hypothetical, and they are not the limitations the ALJ included in his RFC findings. (Tr. 19, 46).

In this case, the ALJ did not pose a hypothetical to the VE that contained sufficient limitations to account for the Plaintiff's moderate limitations in concentration, persistence. Accordingly, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

IV.   **Conclusion**

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of April 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

8